| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | HEARING DATE: January 18, 2014 |
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: 10:00 a.m. |

-------------------------------------------------------------X

In re:  Chapter 13

David William Weigel,  Case No: 23-11841-pg

                       Debtor.

-----------------------------------------------------------X

## NOTICE OF MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 7

C O U N S E L:

**PLEASE TAKE NOTICE** that the Debtor will move before the **Honorable Philip Bentley, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, VIA ZOOM on the 18th day of January, 2024 at 10:00 AM, or as soon thereafter as counsel can be heard**, for entry of an order, pursuant to 11 U.S.C. § 1307(a), converting this case to a case under Chapter 7 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that response or objections, if any, to the Motion must (i) be in writing, (ii) conform to the Bankruptcy Rules, Local Bankruptcy Rules and General Orders, (iii) specify the name of the objecting party, and state with specificity the basis of the objections(s) and the specific grounds therefore, and (iv) be filed with the Court electronically, with a courtesy copy to the Honorable Philip Bentley's chambers, and (v) simultaneously served upon Rachel S. Blumenfeld, Esq., counsel for the Debtor, at 26 Court Street, Suite 2220, Brooklyn, New York 11242 so as to be received no later than 7 days prior to the hearing date as set above.

**PLEASE TAKE FURTHER NOTICE** that unless objections are timely filed and re-

ceived by the Court, the Court may grant the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be adjourned from time to time without further notice other than the announcement of such adjournment in open court or by posting of such adjourned date on the Court's calendar on the aforementioned date.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Brooklyn, New York
December 30, 2023

TO: All Creditors & Parties in Interest

Respectfully submitted,
Law Offices of Rachel S. Blumenfeld PLLC
Attorney for Debtor

By: _____/s/ Rachel Blumenfeld___
Rachel S. Blumenfeld (1458)
26 Court Street, Suite 2220
Brooklyn, New York 11242
Tel: (718) 858-9600
Fax: (718) 858-9601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                    Chapter 13

David William Weigel,                                                        Case No: 23-11841-pg
                            Debtor.
-----------------------------------------------------------X

## **MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 7**

TO: THE HONORABLE PHILIP BENTLEY:

      David William Weigel (the "Debtor"), hereby files this Motion to Convert his Case to a case under chapter 7 (the "Motion") and states as follows. Causes exists pursuant to 11 U.S.C. sections 105(a) and 1307(a) as follows:

### **JURISDICTION**

      1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. sections 1334(a)(b), and 157(b)(2). This Motion is a core proceeding pursuant to 11 U.S.C. section 157(b). Venue is proper pursuant to 28 U.S.C. section 1409.

### **FACTUAL BASIS FOR RELIEF**

      2. On November 20, 2023 (the "Petition Date") the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (the "Code").

      3. The Debtor filed his bankruptcy case in an attempt to pay off part of his debts through the reorganization process of a chapter 13 case. The Debtor's petition was filed as a chapter 13 as the Debtor had some disposable income at the time of filing which the Debtor thought he could use to partially repay creditors as the Debtor had $154.06 of disposable income with schedules "I" and "J".

4. Unfortunately, the Debtor's regular monthly expenses have gone up. While the Debtor is still not paying for his mortgage payments or the home equity loan, he has had to pay additional sums for his vehicles which have required hundreds of dollars of maintenance in the last few months, and which the Debtor believes will continue to require funds for maintenance.

5. The Debtor is eligible to file under chapter 7 of the Bankruptcy Code. The Debtor's current income and expenses would not create a presumption of abuse under 11 U.S.C. § 707. The Debtor filed the Chapter 13 under exigent circumstances. Since the filing, the Debtor has reconciled his income and expenses and where the Debtor had a total of $79,000 worth of business expenses which unfortunately Quickbooks had not captured. Therefore the Debtor's monthly average income for the 6 months prior to filing was correctly scheduled as $5,000, however the Debtor's additional bonus compensation is $1,400 not the $4,000 as was noted in the Means Test.

6. Not only will the Debtor not be able to afford any chapter 13 payments, as the Trustee noted in his Motion to Dismiss, the Debtor is above the eligibility debt limit to be a Debtor under chapter 13 of the Bankruptcy Code. Thus, there is no purpose in the Debtor's remaining in Chapter 13.

7. This case has not been previously converted.

8. The Debtor therefore respectfully moves that this Court convert this case to a case under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. section 1307(a). Section 1307(a) provides in relevant part that:

> (a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

11 U.S.C. section 1307(a).

**WHEREFORE**, the Debtor submits that good cause for conversion exists and respectfully requests an Order converting this case under Chapter 13 to a case under Chapter 7 of the Bankruptcy Code.

Dated: Brooklyn, New York
December 30, 2023

TO: All Creditors & Parties in Interest

Respectfully submitted,
Law Offices of Rachel S. Blumenfeld PLLC
Attorney for Debtor

By:    */s/ Rachel S. Blumenfeld*
Rachel S. Blumenfeld (1458)
26 Court Street, Suite 2220
Brooklyn, New York 11242
Tel: (718) 858-9600
Fax: (718) 858-9601

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                              Chapter 13

David William Weigel,                                    Case No: 23-11841-pg
                        Debtor.
------------------------------------------------------------X

      **DAVID WILLIAM WEIGEL**, make the following Affidavit under penalty of perjury:

      1.  I am the Debtor in the above referenced case (the "Debtor").

      2.  On November 20, 2023, I filed a voluntary bankruptcy under Chapter 13 of the bankruptcy code.

      3.  I filed my chapter 13 bankruptcy case in an attempt to pay off part of my debts through the reorganization process of a chapter 13 case.  My petition was filed as a chapter 13 as I had some disposable income at the time of filing which I thought I could use to partially repay creditors as I had $154.06 of disposable income with schedules "I" and "J".

      4.  Unfortunately, my regular monthly expenses have gone up and my income has not increased.  While I am still not paying for my mortgage payments or the home equity loan, I have had to pay additional sums over the last few months for maintenance for both of my vehicles which has cost over $200 per month.

      5.  I am eligible to file under chapter 7 of the Bankruptcy Code.   My current income and expenses would not create a presumption of abuse under 11 U.S.C. § 707. I filed the Chapter 13 under exigent circumstances.  Since the filling, I have take on the enormous task of reconciling my income and expenses.   In the reconciliation process I discovered that I had a total of $79,000 worth of business expenses which unfortunately Quickbooks had not captured. Therefore my

monthly average income for the 6 months prior to filing was correctly scheduled as $5,000, however my additional bonus compensation is $1,400 not the $4,000 as was noted in the Means Test.

4. I would respectfully request that my case is converted to a chapter 7 case so that I can be granted a discharge of my debts.

Dated: New York, New York
December 30, 2023

            _____*/s/ David William Weigel*____
            **DAVID WILLIAM WEIGEL**